Murray STEIN, Plaintiff-Appellant,

v.

REYNOLDS SECURITIES, INC.,
Defendant-Appellee.

No. 81–5093.

United States Court of Appeals,
Eleventh Circuit.

Feb. 4, 1982.

As Corrected June 28, 1982.

Ralph Paul Douglas, Fort Lauderdale, Fla., for plaintiff-appellant.

Smathers & Thompson, James L. Armstrong, III, Miami, Fla., for defendant-appellee.

Before THORNBERRY *, FAY and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

This appeal challenges the district court's granting of summary judgment in favor of Reynolds Securities, Inc., which dismissed Murray Stein's federal claims and pendent state action. We affirm the dismissal of Stein's federal counts and remand Stein's pendent state action for further consideration by the district court.[1]

In 1976, Murray Stein filed a complaint against Reynolds Securities, Inc., alleging five federal claims and one pendent state claim. In 1979, the district court dismissed Stein's suit for failure to prosecute, and Stein filed a new complaint. The district court subsequently granted summary judgment in favor of Reynolds. The district court found that the federal claims were barred by the statute of limitations. Because all federal claims were dismissed, the district court dismissed the pendent state claim without prejudice to the plaintiff's right to pursue his claim in state court. The state period of limitations, however, had run during pendency of this action.

We must determine whether Stein's first filing, which was subsequently dismissed for failure to prosecute, tolled the federal period of limitations. We must also determine whether a federal court may retain jurisdiction over a pendent state action which has been barred by the state period of limitations even though all federal claims have been dismissed.

■ Stein contends that the period of limitations was tolled by the filing of his

---

\* Honorable Homer Thornberry, U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

1. We note the district court's order in light of the requirement of Rule 58, Federal Rules of Civil Procedure, that a judgment be prepared on a separate document. The Fifth Circuit appeared to hold in *Calmaquip Engineering West Hemisphere v. West Coast Carriers*, 650 F.2d 633 (5th Cir. 1981), that a judgment on a separate document is a prerequisite to appellate jurisdiction. We question that interpretation

initial suit in 1976, despite the fact that the district court subsequently dismissed this action for failure to prosecute. We disagree. The fact that dismissal of an earlier suit was without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations. *See Goff v. United States*, 659 F.2d 560 (5th Cir. 1981). This Former Fifth Circuit opinion which was decided on October 15, 1981, by Unit A of that Court, is not binding precedent for the Eleventh Circuit. The discussion of this issue in *Goff* is persuasive, however, and we choose to follow that reasoning. Had the decision been made by a non-unit panel of the Former Fifth, the full en banc court of the Former Fifth, the Unit B en banc court of the Former Fifth, or a Unit B panel of the Former Fifth Circuit, we would regard the decision as binding precedent which we would have to follow absent Eleventh Circuit en banc consideration. Unit A en banc decisions and Unit A panel decisions after October 1, 1981, are only persuasive, however, not binding precedent in the Eleventh Circuit. We hold that Stein's federal claims were barred by the period of limitations.

■ Stein next contends that the dismissal of all federal claims does not destroy pendent jurisdiction of state claims where the state claim would be barred in state court because of the running of the period of limitations. The Fifth Circuit has addressed this question and held, " 'That a plaintiff's state law claims will be timed-barred if dismissed is certainly a factor, if not a determinative factor, a district court should consider in deciding whether to maintain jurisdiction over pendent state claims .... ' " *Henson v. Columbus Bank and Trust Co.*, 651 F.2d 320, 325 (5th Cir. 1981) (quoting *Pharo v. Smith*, 625 F.2d 1226, 1227 (5th Cir. 1980)). The record before this court is silent as to whether the district court was aware that Stein's state claim was barred by the state period of limitations. We therefore remand as to the state claim, Count II of the complaint, for further consideration by the district court.

Because we find that a suit which is subsequently dismissed without prejudice for failure to prosecute is not considered to have tolled the period of limitations, we

affirm the district court's granting of summary judgment as to Stein's federal claims. Because we find that a federal court may retain pendent jurisdiction over a state claim which is barred by the state period of limitations, even though all federal claims have been dismissed, we remand as to Count II of the complaint.

AFFIRMED IN PART REMANDED IN PART.

---

of *Calmaquip* in light of the Supreme Court's decision in *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978),

and assume jurisdiction without remanding for this ministerial act. The parties in this case waive any alleged non-compliance.