UNITED STATES of America, Plaintiff–Appellant,

v.

Sidney ALLEN, Jr., Defendant–Appellee.

No. 87–7536

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

April 22, 1988.

Frank W. Donaldson, U.S. Atty., William Simpson, Asst. U.S. Atty., Birmingham, Ala., for plaintiff-appellant.

Sarah S. Hunt, Birmingham, Ala., for defendant-appellee.

Before KRAVITCH, JOHNSON and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant-appellee, Allen, was convicted by the jury of possession of a firearm which was not registered, thus violating 26 U.S.C. § 5861(d). The "firearm" in this case was a destructive device consisting of a partially filled gasoline can, with a red cloth wick inserted in the spout. The district court granted Allen's motion for acquittal notwithstanding the jury verdict of guilty, finding that the appellant, the United States, did not prove beyond a reasonable doubt that Allen failed to register a firearm with the Bureau of Alcohol, Tobacco and Firearms (BATF). The district court's opinion was published, *United States v. Allen*, 666 F.Supp. 203 (N.D.Ala. 1987). We reverse.

Allen's only challenge to the sufficiency of the evidence involves the government's proof that the destructive device was not registered. The only evidence of non-registration was the BATF certificate which was dated February 15, 1985, and which provided in relevant part as follows:

To whom it may concern:

Section 5841 of the National Firearms Act (Chapter 53, Title 26, United States Code) provides that the Secretary of the Treasury or an authorized delegate shall maintain a central registry of all firearms not in the possession or under the control of the United States which come

within the purview of 26 U.S.C., Chapter 53. That central registry is known as the National Firearms Registration and Transfer Record and is maintained at the Bureau of Alcohol, Tobacco and Firearms in Washington, D.C. This is to certify that I have custody and control of the said National Firearms Registration and Transfer Record pursuant to a delegation of authority by the Secretary of the Treasury.

I further certify that, after diligent search of the said Record, I found no evidence that the firearm or firearms described below are registered to, or have been acquired by lawful manufacturer, importation, or making by, or transfer to SIDNEY ALLEN aka SIDNEY ALLEN, JR.

Gov.Ex. 18. The firearm described in the certificate was the destructive device at issue. Allen argues that since the certificate uses the present tense ("are") instead of the present *and* the present perfect tense ("are *and* never have been"), the certificate does not prove whether or not Mr. Allen had registered a firearm as of October 7, 1984, the date of the alleged firearms violation. The district court accepted this argument.

In reaching this conclusion, the district court expressly rejected the reasoning of the Second Circuit in *United States v. Mayo,* 705 F.2d 62, 76 n. 10 (2d Cir.1983). The Second Circuit examined similar language in a BATF certificate, and concluded that a jury could have reasonably inferred that the BATF examiner did not limit her examination of the record to those weapons registered on the date of the certificate.[1]

We agree with the Second Circuit's interpretation of the BATF certificate language. The standard for review of the jury's verdict requires that we view all reasonable inferences in the light most favorable to the government. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Bell,* 678 F.2d 547, 549 (5th Cir.1982) (en banc)[2]. We find that a reasonable inference exists that the BATF examiner's investigation covered not only the date of issue of the BATF certificate, but also went back to and included October 7, 1984. In effect, the certificate states that there has been no registration by Allen of a weapon of that description at any time. The certificate indicates that there is a "central registry of all firearms not in the possession ... of the United States" and that the certifying officer has custody of that record. It is implicit in the language of the certificate that *the record* includes all firearms which have been registered, and not, as Allen contends, that there is a separate *record* for each day. Common sense indicates that if the device were registered in the past, that device would still appear as of February 15, 1985, on the record as registered with the Bureau.

For the reasons stated above, we REVERSE and REMAND with instructions to reinstate the jury verdict.

---

**1.** The Second Circuit in *Mayo* examined the following language: " 'after deligent [sic] search of said record, I found no record that the firearms described below [British Sten machinegun] *are registered* to, or have been acquired by lawful making, transfer or importation by HAROLD F. MAYO, JR.....' " 705 F.2d at 76, n. 10 (emphasis supplied).

**2.** This former Fifth Circuit case was decided after the close of business on September 30, 1981, and is binding precedent under *Stein v. Reynolds Securities, Inc.,* 667 F.2d 33, 34 (11th Cir.1982).