RYSKAMP, District Judge,
dissenting:
I respectfully dissent. For the reasons stated in Judge Foley’s dissent, published at 115 T.C. 376, 416-17, 2000 WL 1595698 (2000), and stated herein, I would reverse the Tax Court and remand this case for proceedings consistent with this dissent. The gifts should be considered as enhancements to the sons’ existing partnership interests and should be valued by reference to the sons’ partnership interests.
I. BACKGROUND
Mr. Shepherd, a taxpayer residing in Berry, Alabama, has two grown sons. On August 1,1991, Mr. Shepherd executed the Shepherd Family Partnership Agreement. On August 2, 1991, Mr. Shepherd’s two sons executed the partnership agreement. Under the terms of the partnership agreement, Mr. Shepherd held 50 percent of the partnership interest and each son held 25 percent of the partnership interest. The partnership agreement granted absolute control to Mr. Shepherd by naming him the managing partner with the responsibility of day-to-day management and authorizing him to decide any deadlock among the partners. The partnership agreement stated that no partner shall have any individual ownership interest in partnership property and required the partners to waive their right to require partition of any partnership property.
On August 1, 1991, the day before the partnership agreement was executed by the sons, Mr. Shepherd and his wife executed two deeds transferring their family land into the partnership. These deeds conveying the family land to the partnership were recorded on August 30, 1991. On September 9, 1991, Mr. Shepherd transferred to the partnership a minority interest of stock in each of three banks.
Mr. Shepherd filed a timely gift tax return for 1991, reporting gifts to his sons of real estate and bank stock. Mr. Shepherd reported gifts to his sons of 25 percent of the fair market value of the land and 25 percent of the total value of the *1265 bank stock, less a 15 percent minority discount. By notice of deficiency dated November 8, 1996, the Commissioner asserted a deficiency in federal gift tax against Mr. Shepherd for the calendar year 1991. The deficiency was based on the Commissioner’s higher valuation of the fair market value of the real estate.[1] Mr. Shepherd petitioned the Tax Court for a redetermination of the deficiency.
Mr. Shepherd argued to the Tax Court that his gifts of land and his gifts of bank stock were overstated on his tax return as the gifts were actually gifts of either partnership interests or enhancements of existing partnership interests.[2] Mr. Shepherd argued that his gifts should be valued to give effect to a discount in recognition of the sons’ 25 percent partnership interests.
The parties stipulated that if the Tax Court were to value the gifts by reference to the sons’ interests in the partnership, the correct discount would be 33.5 percent. The Commissioner argued, however, that the 33.5 percent discount is irrelevant because the gifts should not be measured by reference to the sons’ partnership interests.
In its opinion reported at 115 T.C. 376, 2000 WL 1595698 (2000), the Tax Court upheld the Commissioner’s deficiency in part. The Tax Court found the fair market value of the real estate Mr. Shepherd gifted to be significantly higher than that stated by Mr. Shepherd. Further, the Tax Court held that Mr. Shepherd made indirect gifts to each of his sons of undivided 25 percent interests in the land and in the bank stock. The Tax Court specifically stated that the gifts were not gifts of partnership interests or enhancements thereto, and that therefore, the gifts were not to be measured by reference to the sons’ partnership interests. The stipulated 33.[5] percent discount was deemed irrelevant to valuing the gifts. The Tax Court held that the value of each gift of land was 25 percent of the total fair market value of the land, less a discount adjustment of 15 percent for lack of operational control, risk of disagreement about disposition, and the possibility of future partitioning.[3] The value of each gift of bank stock remained at what Mr. Shepherd originally disclosed on his gift tax return, 25 percent of the total fair market value of the stock, less a discount adjustment of 15 percent. These valuations resulted in Mr. Shepherd owing a deficiency in gift tax.
On appeal, Mr. Shepherd argues that his gifts should be re-characterized as gifts of partnership interests or enhancements thereto that must be valued taking into account the partnership’s stipulated impact. Even if the gifts remain characterized as indirect gifts of real estate and bank stock, Mr. Shepherd asserts that the valuation of the gifts must take into account the existence of the partnership and its stipulated impact. The Commissioner *1266 argues that the Tax Court correctly found the gifts to be indirect gifts of land and bank stock, the valuations of which should not be measured by reference to the sons’ partnership interests.
II. DISCUSSION
The issue on appeal is how to value, for gift tax purposes, the gifts Mr. Shepherd made to his sons. The majority, agreeing with the Tax Court, finds that the gifts were indirect gifts of land and bank stock, the valuations of which are not determined by reference to the partnership. I disagree.
First, I find fault in the Tax Court’s classification of Mr. Shepherd’s gifts. Accepting the Tax Court’s classification of the gifts elevates form over substance. Mr. Shepherd’s intent was to give his sons a partnership interest in family property. The parties agree that if Mr. Shepherd originally created the partnership with his wife, conveyed the family property to the partnership (a tax-exempt transaction), and then gave his partnership interest to his sons and had his wife give her partnership interest back to him, the sons would receive gifts of partnership interest in the family property, the valuation of which would take into account the stipulated impact of the partnership.[4] However, since Mr. Shepherd utilized fewer steps in his attempt to create his sons’ partnership interests in the family property, the gifts to the sons are classified as indirect gifts whose value does not take into account the effect of the partnership but do take into account the discount for the minority interests. Such an elevation of form over substance compels the unnecessary resort to the advise of tax lawyers prior to effectuating a simple transaction. See United States v. Heller, 866 F.2d 1336, 1341 (11th Cir.1989) (stating that “[f]ederal tax law is concerned with the economic substance of the transaction under scrutiny and not the form by which it is masked.”); Commissioner v. Court Holding Co., 324 U.S. 331, 334, 65 S.Ct. 707, 89 L.Ed. 981 (1945) (stating that “[t]he incidence of taxation depends upon the substance of a transaction ... [t]o permit the true nature of a transaction to be disguised by mere formalisms, which exist solely to alter tax liabilities, would seriously impair the effective administration of the tax policies of Congress.”); Gregory v. Helvering, 293 U.S. 465, 470, 55 S.Ct. 266, 79 L.Ed. 596 (1935) (finding the economic substance of the transaction to be controlling and stating “[t]o hold otherwise would be to exalt artifice above reality and to deprive the statutory provision in question of all serious purpose.”).
Furthermore, accepting the Tax Court’s classification, as pointed out by Judge Foley, runs contrary to Kincaid v. United States, 682 F.2d 1220 (5th Cir.1982). The Kincaid Court found that an unequal exchange in which a mother gave property to a closely-held corporation in exchange for stock resulted in a gift to the other stockholders, her sons, of enhancement in the value of their stock. See 682 F.2d at 1226. Although Kincaid raises the possibility of classifying Mr. Shepherd’s gifts as en- *1267 haneements in the sons’ partnership interests, nothing in the Tax Court opinion addresses this possibility or attempts to distinguish the classification of the Mr. Shepherd’s gifts from the classification of the gift in Kincaid.
Even if I agreed with the Tax Court’s classification of the gifts, I would still find fault with the Tax Court’s valuations of the gifts. Regardless of whether the gifts are characterized as indirect gifts of real estate and bank stock or gifts of partnership interests or enhancements thereto, the valuations of the gifts must take into account the effect of the partnership. The donees, the gifts and the interests acquired cannot, be determined without reference to the partnership agreement.
The law of this Circuit is clear that the value of a gift for gift tax purposes is not determined when the gift is in the hands of the donor or when the gift is in the hand of the donee; instead, the value of a gift for gift tax purposes is determined when the gift is in no hands, in transit between the donor and the donee. See Estate of Watts v. Commissioner, 823 F.2d 483 (11th Cir.1987); Estate of Bright v. United States, 658 F.2d 999, 1001 (5th Cir.1981)(en banc); United States v. Land, 303 F.2d 170 (5th Cir.1962).[5] Although this “valuation in transit” rule is clear, it does not hold much practical meaning in this case. Both the Commissioner and Mr. Shepherd argue before this Court that their analysis values Mr. Shepherd’s gifts in transit. Yet, the Commissioner’s analysis and the opinion of the Tax Court value the gifts in the hands of the donor, and Mr. Shepherd’s analysis values the gifts in the hands of the donee. Simply stating that the gift is to be valued in transit is therefore not helpful when the nature of the gift is transformed in transit from realty to personalty. The application of the “valuation in transit” rule must give way to a more practical test to determine valuation.
The Supreme Court has recognized that the value of transferred property for estate and gift tax purposes is the “price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or to sell and both having reasonable knowledge of relevant facts.” United States v. Cartwright, 411 U.S. 546, 551, 93 S.Ct. 1713, 36 L.Ed.2d 528 (1973); see also Gift Tax Regs. § 25.2512-1. This “willing buyer-willing seller” test is the practical method to determine the value of a gift in transit. Determining the price at which Mr. Shepherds’ gifts would freely change hands under such circumstances is all that is necessary to determine the values of Mr. Shepherd’s gifts in transit.
It is clear that the price at which Mr. Shepherd’s gifts would change hands between a willing buyer and a willing seller, not being under any compulsion to sell and knowing all relevant facts, would take into account the impact of the partnership. The partnership was a condition of Mr. Shepherd’s gifts. If there were no partnership, there would be no hypothetical sale since the land and bank stock were given to the partnership. The existence of the partnership agreement is therefore a very relevant fact that a willing buyer *1268 and a willing seller would consider when determining the price of the gifts. The restrictions and regulations imposed by the partnership agreement, including the restriction against partitioning any partnership property, would affect the price that a buyer would be willing to pay for the land and for the bank stock given by Mr. Shepherd.
The “willing buyer-willing seller” test to determine the values of Mr. Shepherd’s gifts appears to emphasize the values of the gifts in the hands of the donee. Although seemingly contrary to the “valuation in transit” rule, such an emphasis on the future values of the gifts is accepted and even encouraged by the binding precedent of this Circuit. In analyzing the value of property that passed upon death, the Land court stated that “a basic economic fact” is that “value looks ahead.” 303 F.2d at 173. A potential buyer, therefore, “focuses on the value the property has in the present or will have in the future.” Id. In Land, the value of the bequest increased at the moment of passing (death), and the Commissioner successfully argued that the value in the hands of the devisees should prevail. See 303 F.2d at 173-75. The same rule should apply when the value decreases at the moment of passing.
I find the Tax Court’s valuations of Mr. Shepherd’s gifts to be erroneous. The Tax Court did appear to take into account relevant facts such as lack of control, risk of disagreement in disposition, and the possibility of future partitioning, but the court did not take into account the partnership, specifically stating that “the subject gifts are not measured by reference to the sons’ partnership interests.” 115 T.C. at 401. It is clear, however, that a willing buyer and a willing seller would take into account the impact of the partnership and its restrictions and regulations and discount the price accordingly. The value of the gifts must therefore be discounted by the impact of the partnership, the stipulated 33.5 percent discount. To hold otherwise clearly defies common sense and the Land court’s acknowledgment that value looks ahead.
This case turns on the fact that the partnership was in existence at the time of the gifts rather than on conveyance of partnership interests from the donor to the donee. This latter scenario would have involved the stipulation and the 33.5 percent discount. I would find that the enhanced discount would apply even if the gifts are described as indirect gifts which enhanced the sons’ existing partnership interests.

.The Commissioner never challenged Mr. Shepherd’s valuation of the bank stock. However, Mr. Shepherd was allowed to argue to the Tax Court that the gifts of bank stock were overvalued on his tax return. The Tax Court opinion discusses the valuations of the gifts of land and the gifts of bank stock, thereby subjecting the valuations of the gifts of land and the gifts of bank stock to this Court’s review.

. The majority gives great emphasis to the fact that the taxpayer originally claimed a gift of land, but the Tax Court gave no weight to this fact and considered the taxpayer's amended claims on the merits.

. Under the partnership agreement, the partners waived the right of partition.

. The same result could be achieved through the creation of a corporation or a trust. If Mr. Shepherd created a corporation or a trust, conveyed the family property to the corporation or the trust, and then gave interests in the corporation or the trust to his sons, the sons would receive gifts of corporate or trust interests in the family property which would take into account the limitations imposed on the gifts by the corporation or the trust.

. In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. In Stein v. Reynolds Secur., Inc., 667 F.2d 33 (11th Cir.1982), this court adopted as binding precedent all en banc decisions of the former Fifth Circuit issued after September 30, 1981.