[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-11454
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 29, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 02-22969-CV-JLK

STEVEN JONES,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
James Crosby,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 29, 2005)

Before BIRCH, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Steven Jones, a Florida prisoner proceeding pro se, appeals the district court's

denial of his 28 U.S.C. § 2254 petition, in which he argued, inter alia, that the state

trial court erred by not severing his trial from that of a co-defendant. In support of this claim, Jones argued: (1) severance was necessary to preclude admission of the co-defendant's statement, which implicated Jones; and (2) the introduction of evidence concerning witness-tampering charges against the co-defendant prejudiced him. On appeal, Jones argues the district court erred by denying his severance claim without addressing both of these arguments, in violation of Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992) (en banc). The State concedes that the district court did not address both arguments, but urges us to affirm the denial of Jones's § 2254 petition because Smith waived the Clisby claim by failing to object to the magistrate judge's report in the district court.[1]

We review the district court's grant or denial of a habeas corpus petition under 28 U.S.C. § 2254 de novo. Sims v. Singletary, 155 F.3d 1297, 1304 (11th Cir. 1998). After thorough review of the record and careful consideration of the briefs, we conclude the district court did not comply with Clisby as to one of Jones's claims -- the claim that severance was warranted based on admission of the evidence of

---

[1] The State also urges us to consider the merits of the claims in Jones's petition. We issued a certificate of appealability to consider the Clisby claim only. Accordingly, consideration of the merits of Jones's claims is beyond the scope of our review. See Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998) ("[I]n an appeal brought by an unsuccessful habeas petitioner, appellate review is limited to the issues specified in the COA."). Thus, we decline to consider the merits of the underlying claims.

witness-tampering charges against his co-defendant. Thus, we vacate and remand this matter to the district court for consideration of that issue.

In Clisby, we expressed concern over "piecemeal litigation" in habeas petitions and explained that judicial economy is better served by a full disposition of all claims in a petition. See 960 F.2d at 935-36. We noted that pending federal habeas proceedings "cast doubt on a prisoner's conviction and interfere with the state's administration of its corrections program." Id. at 935 (quotations omitted). For this reason, we have instructed district courts to resolve all claims for relief raised in a § 2254 petition, "regardless of whether habeas relief is granted or denied." Id. at 936. To do otherwise would allow an abundance of piecemeal litigation to wreak havoc upon the federal and state court systems. Id. at 938.

In accordance with the teachings of Clisby, and as conceded by the State, the district court failed to address Jones's claim concerning the denial of a severance based on the witness-tampering charges against Jones's co-defendant.[2] We are unpersuaded by the State's argument that Jones waived the ability to assert a violation of Clisby by not objecting to the magistrate judge's report. For this proposition, the

---

[2]  We reject, as inconsistent with our well-established policy to liberally construe pro se habeas petitions, the State's argument that we should read the district court's general analysis of the severance issue to encompass the instant claim. See Williams v. Griswald, 743 F.2d 1533, 1542 (11th Cir. 1984) ("It is well established that the standards governing the sufficiency of habeas corpus petitions are less stringent when the petition is drafted pro se and without the aid of counsel."); see also Gunn v. Newsome, 881 F.2d 949, 961 (11th Cir. 1989) ("We have never wavered from the rule that courts should construe a habeas petition filed pro se more liberally than one drawn up by an attorney.").

State relies on <u>Nettles v. Wainwright</u>, 677 F.2d 404, 410 (5th Cir. Unit B 1982).[3] That case is not on point because it concerned the effect on a party seeking a <u>de</u> <u>novo</u> determination by a district judge after failing to file written objections to proposed findings and recommendations in a magistrate judge's report, filed pursuant to Title 28 U.S.C. § 636(b)(1). <u>Id.</u> at 610. In <u>Nettles</u>, we held that a party who had not filed written objections waived the ability to challenge, either before the district court or on appeal to this Court, the magistrate judge's factual findings. <u>Id.</u> However, <u>Nettles</u> does not preclude this Court from reviewing a district court's conclusions of law <u>de</u> <u>novo</u>.

In accordance with <u>Clisby</u>, we vacate and remand this matter to the district court for the purpose of adjudicating Jones's severance claim concerning the admission of evidence that his co-defendant tampered with a witness.

**VACATED AND REMANDED WITH INSTRUCTIONS.**

---

[3]  This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981, and all Fifth Circuit Unit B decisions after October 1, 1981. <u>See</u> <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (<u>en</u> <u>banc</u>); <u>Stein v. Reynolds Secs., Inc.</u>, 667 F.2d 33, 33 (11th Cir. 1982). We note that the Fifth Circuit has since overruled <u>Nettles</u>. <u>See</u> <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (<u>en</u> <u>banc</u>). However, <u>Douglass</u> does not control the binding effect of <u>Nettle</u> in this Circuit because <u>Douglass</u> was decided after October 1, 1981 and was not a Unit B decision.