[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 6, 2012
JOHN LEY
CLERK

No. 10-14721
Non-Argument Calendar
_____

D.C. Docket No. 7:08-cv-90031-HL-TQL, 7:00-cr-00012-HL-MSH-3


WAYNE R. LINDSEY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(January 6, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Wayne Lindsey, a federal prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate. Lindsey's § 2255 motion alleged numerous claims of ineffective assistance of both trial and appellate counsel. We granted a Certificate of Appealability ("COA") on the following issue:

> Whether the district court erred when it failed to address Lindsey's argument that appellate counsel provided ineffective assistance by failing to argue that *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), should apply retroactively and that the application of departures and enhancements to increase his sentence above the base offense level violated the Fifth, Sixth, and Eighth Amendments, in violation of *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992).

On appeal, Lindsey argues that the district court violated *Clisby* because it did not address his claim that his appellate counsel had been ineffective by failing to argue on direct appeal that *Booker* should apply retroactively and that the application of departures and enhancements to increase his sentence above the base offense level violated the Fifth, Sixth, and Eighth Amendments. Lindsey goes on to address the substantive merits of the *Booker* issue and the calculation of his guideline range at sentencing.

In a § 2255 proceeding, we review legal issues *de novo* and factual findings for clear error. *Thomas v. United States*, 572 F.3d 1300, 1303 (11th Cir. 2009).

Appellate review is limited to the issues specified in the COA. *Id*. We liberally construe *pro se* pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

District courts must resolve all claims for relief raised in habeas proceedings, regardless of whether relief is granted or denied. *See Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (*en banc*); *see also Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (applying *Clisby* to § 2255 motions to vacate). A claim for relief is any allegation of a constitutional violation. *Clisby*, 960 F.2d at 936. Two claims may be distinct even if both allegations arise from the same alleged set of operative facts. *Id*. When a district court fails to address all of the claims, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims . . . ." *Id*. at 938. Ineffective assistance of counsel constitutes a violation of a defendant's Sixth Amendment rights, and thus is a claim of a constitutional violation. *Strickland v. Washington*, 466 U.S. 668, 684-86, 104 S.Ct. 2052, 2063-64 (1984).

The district court erred by failing to address all of the claims contained in Lindsey's § 2255 motion. The Magistrate Judge's Report and Recommendation (R&R) adopted by the district court specifically addressed each of Lindsey's other claims, but omitted any discussion of the issue that gave rise to our grant of COA.

3

The Government contends Lindsey failed to put the district court on notice of the omission by objecting to the R&R, and Lindsey therefore waived his right to appeal. However, "[t]he absence of objections to the [R&R] limits the scope of appellate review of factual findings to plain error or manifest injustice but does not limit review of legal conclusions." *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982) (per curiam); *Hardin v. Wainwright*, 678 F.2d 589, 591 (5th Cir. Unit B 1982).[1] Because a *Clisby* error is the lack of a legal conclusion, an omitted objection has no impact on our analysis. Finally, although both parties suggest that we could decide the merits of the omitted claim ourselves, doing so would exceed the scope of the COA and contradict the rule announced in *Clisby*. *See Thomas*, 572 F.3d at 1303, 1305 n.6; *Clisby*, 960 F.2d at 938.

Because the district court did not address all of Lindsey's claims, the opinion of the district court is vacated without prejudice and the case remanded for consideration of whether Lindsey's appellate counsel provided ineffective assistance by failing to argue that *Booker* should apply retroactively and that the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981, as well as all decisions by a Unit B panel of the former Fifth Circuit, *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

application of departures and enhancements to increase his sentence above the base offense level violated the Fifth, Sixth, and Eighth Amendments.

**VACATED AND REMANDED.**