[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 17-15625 & 18-10706

_____

D.C. Docket No. 8:14-cv-00775-SDM-AAS

ZURICH AMERICAN INSURANCE CO.,

Plaintiff – Appellee,

versus

G&S LEASING GROUP VI, INC.,
LEASING RESOURCES OF AMERICA 2 INC., et al.,

Defendants – Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(June 19, 2019)

Before JORDAN, GRANT and DUBINA, Circuit Judges.

PER CURIAM:

Following the district court's interpretation of a "large-deductible endorsement" to identically-worded workers' compensation insurance policies, a jury found that five companies owed Zurich American Insurance Company $9.1 million. The companies appealed.

Following a review of the relevant policy language, and with the benefit of oral argument, we affirm. First, although the companies contend that the insurance policies were ambiguous, and did not clearly indicate who was responsible for payment of the disputed deductible amounts, that argument comes too late. As the district court explained, *see* D.E. 224 at 5, the companies did not assert ambiguity until they filed their post-trial motions. *See Cadle v. GEICO General Ins. Co.*, 838 F.3d 1113, 1121 (11th Cir. 2016); *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1030 (5th Cir. Unit B Aug. 6, 1982) (binding under *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir. 1982)). Second, we agree with the district court that the language in the "large-deductible endorsement"—taking into account the language in the "specifications" document—made all of the companies (each of whom was a "named insured") jointly and severally responsible for the deductible amounts. *See* D.E. 119 at 3-4; D.E. 224 at 5-6.

**AFFIRMED.**

2