[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-12361

Non-Argument Calendar

————————————————

RAFAEL GOMEZ,

Plaintiff-Appellant,

*versus*

UNIVERSITY OF MIAMI,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cv-20993-MD

————————————————

Before ROSENBAUM, ABUDU, and WILSON, Circuit Judges.

PER CURIAM:

Rafael Gomez, proceeding *pro se*, appeals the district court's dismissal of his employment-discrimination lawsuit without prejudice for failure to comply with the court's order regarding service of process. The University of Miami ("University"), in turn, moves for summary affirmance, arguing that Gomez has abandoned any issue on appeal.

**I.**

According to the complaint, Gomez worked as a public-safety officer for the University's medical facilities. After he lost his job for failure to comply with the University's COVID-19 vaccine policies, Gomez sued the University in federal district court. He alleged that his refusal to comply with the vaccine mandate was based on his sincerely held religious beliefs, and that the University engaged in religious discrimination by failing to accommodate his beliefs and terminating his employment.

Gomez filed his complaint on March 14, 2024. On May 8, 2024, the district court *sua sponte* issued an order notifying Gomez that Federal Rule of Civil Procedure 4(m) required service to be perfected within 90 days after the filing of the complaint. The court ordered that, by June 12, 2024, Gomez must "perfect service upon Defendant or show cause why this action should not be dismissed for failure to perfect service of process. Failure to file proof of service or show good cause by June 12, 2024[,] will result in a dismissal without prejudice and without further notice."

On June 21, 2024, the district court entered an order dismissing the action without prejudice. The court found that Gomez "failed to comply with the Court's order" or to seek an extension, and had "not advised that dismissal as to this case will result in a statute of limitations bar to re-filing."

Meanwhile, on July 3, 2024, the University filed a motion to dismiss the complaint for failure to state a claim to relief. At the same time, the University filed a "Notice Regarding Status of Service of Process." In the Notice, the University "advise[d] the Court that, on June 12, 2024, the University was served with initial process in this lawsuit." So, the University believed, under the rules, that its "responsive pleading was due on or before July 3, 2024." The University noted that, while it had "discovered" the earlier court's dismissal order, it chose to file the motion in "an abundance of caution" and "in light of [Gomez's] *pro se* status" and counsel's "duty of candor."

About two weeks later, on July 19, 2024, Gomez submitted a construed notice of appeal of the district court's dismissal order, which initiated this appeal. Then, on August 1, 2024, the district court denied the University's motion to dismiss. The court found that, due to Gomez's notice of appeal, it was without jurisdiction to take further action in the case.

## II.

We review a district court's order dismissing an action for failure to comply with the rules of the court or under Federal Rule of Civil Procedure 41(b) for abuse of discretion. *Zocaras v. Castro*,

4                          Opinion of the Court                    24-12361

465 F.3d 479, 483 (11th Cir. 2006); *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).

Gomez's brief on appeal raises no identifiable issues. Even though we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal are abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Still, our precedent recognizes a rare exception: "Whenever the record of a case on appeal discloses plain error requiring corrective action in order to prevent a miscarriage of justice, this court may *sua sponte* reveal the error and decide the case accordingly." *Cruthirds v. RCI, Inc.*, 624 F.2d 632, 636 (5th Cir. 1980)[1]; *see also United States v. Campbell*, 26 F.4th 860, 872–73 (11th Cir. 2022) (*en banc*) (listing circumstances in which we may exercise our discretion to consider forfeited or abandoned issues *sua sponte*). "A miscarriage of justice is a decision or outcome of a legal proceeding that is prejudicial or inconsistent with the substantial rights of a party." *Blue Martini Kendall, LLC v. Miami Dade Cnty.*, 816 F.3d 1343, 1350 (11th Cir. 2016).

Here, Gomez would suffer a miscarriage of justice if we were to affirm the dismissal of his complaint. Though unknown to the court when it issued its dismissal order, the record is now clear that Gomez timely served the University on June 12. *See Johnson v. United States*, 520 U.S. 461, 468 (1997) (stating that, on plain-error

---

[1] This Court adopted as binding precedent all Fifth Circuit decisions before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

review, it may be "enough that an error be 'plain' at the time of appellate consideration"). Thus, Gomez complied with the court's May 8 order to "perfect service upon Defendant" by June 12.

We acknowledge that Gomez failed to comply with an additional requirement in the district court's May 8 order, namely, that he must "*file proof* of service or show good cause by June 12, 2024." To the extent Gomez's failure to file proof of service justifies a dismissal without prejudice, however, the record leaves little doubt that the dismissal of Gomez's complaint is tantamount to a dismissal with prejudice.

A dismissal without prejudice generally does not constitute an abuse of discretion because the affected party may simply refile. *See, e.g., Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983). But when a dismissal without prejudice effectively precludes the plaintiff from refiling his claim because of the running of the statute of limitations, it is tantamount to a dismissal with prejudice. *Justice v. United States*, 6 F.3d 1474, 1482 & n.15 (11th Cir.1993). Dismissals with prejudice are drastic remedies that are to be used only when a lesser sanction would not better serve the interests of justice. *Id.* at 1482 n. 15. Thus, dismissals with prejudice are not appropriate unless the district court finds both that a clear record of delay or willful misconduct exists, and that lesser sanctions are adequate. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).

Here, the district court abused its discretion by effectively imposing the drastic remedy of a dismissal with prejudice. By

statute, Gomez had 90 days to file an action after obtaining his right-to-sue letter, which issued on January 4, 2024. *See* 42 U.S.C. § 2000e-5(f)(1). That period had passed when the court issued its dismissal order on June 12, 2024. And the "[d]ismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations." *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004); *Stein v. Reynolds Secs., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982) ("The fact that dismissal of an earlier suit was without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations."). Thus, it appears beyond any real doubt that Gomez would be barred from refiling this action, making the dismissal without prejudice tantamount to a dismissal with prejudice.

Nothing in the record suggests that a "clear record of delay or willful misconduct exists, and that lesser sanctions are inadequate to correct such conduct." *Zocaras*, 465 F.3d at 483; *see Justice*, 6 F.3d at 1481–82 & n.15. Nor did the district court make such findings. Accordingly, the record plainly does not reflect grounds for dismissing the action with prejudice for failure to comply with court orders or to prosecute.

For these reasons, we exercise our discretion to correct the erroneous dismissal of Gomez's complaint. *See Blue Martini Kendall*, 816 F.3d at 1350; *Cruthirds*, 624 F.2d at 636. The relevant facts are undisputed, and the record does not support a dismissal that is tantamount to being with prejudice. *See Zocaras*, 465 F.3d at 483; *see Justice*, 6 F.3d at 1481–82 & n.155. What's more, remand would

not impair judicial economy, given the early stage of proceedings, and the University would not be prejudiced, given its admission of timely service and filing of a motion to dismiss. *See Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 990 (11th Cir. 1982). Notwithstanding deficiencies in Gomez's briefing, the proper resolution of this appeal is beyond any real doubt, and failing to correct the error would result in a miscarriage of justice. *See Campbell*, 26 F.4th at 873.

### III.

Because the record of this appeal "discloses plain error requiring corrective action in order to prevent a miscarriage of justice," we exercise our discretion to "*sua sponte* reveal the error and decide the case accordingly." *Cruthirds*, 624 F.2d at 636. We therefore **VACATE** the district court's June 21, 2024, order dismissing the complaint, and we **REMAND** for further proceedings consistent with this opinion. The University's motion for summary affirmance is **DENIED** as moot.

**VACATED AND REMANDED; MOTION DENIED.**