[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 29, 2011
JOHN LEY
CLERK

No. 10-12196
Non-Argument Calendar

_____

D.C. Docket No. 4:08-cr-00029-SPM-WCS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CUSTODIO GUERRA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 29, 2011)

Before EDMONDSON, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Custodio Guerra appeals his 235-month total sentence for conspiracy to

distribute and to possess with intent to distribute more than 50 grams of actual methamphetamine and more than 500 grams of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846; and distribution of more than 50 grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). Guerra argues that:(1) the district court clearly erred by applying a two-level aggravating-role enhancement pursuant to U.S.S.G. § 3B1.1(c) based on the unreliable hearsay testimony of Special Agent Kevin Whittle at the sentencing hearing; (2) the court clearly erred by holding him responsible for at least 1.5 kilograms of methamphetamine based on Whittle's sentencing testimony; and (3) his sentence is substantively unreasonable. After thorough review, we affirm.

"We review a district court's determination that a defendant is subject to a Section 3B1.1 role enhancement as an organizer or leader for clear error." United States v. Martinez, 584 F.3d 1022, 1025 (11th Cir. 2009). We review sentencing arguments that are not raised in the district court under the plain-error standard. See United States v. Rodriguez, 627 F.3d 1372, 1377 (11th Cir. 2010), cert. denied, 131 S. Ct. 1840 (2011). Under this standard, a defendant is required to show that: "(1) an error occurred; (2) the error was plain; (3) it affected [his] substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." Id. at 1380 (quotation

omitted). The district court's determination of the drug quantity attributable to a defendant is reviewed for clear error. United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir. 2005). We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

First, we are unpersuaded by Guerra's argument that the district court clearly erred by applying a two-level aggravating-role enhancement pursuant to U.S.S.G. § 3B1.1(c). Under the Sentencing Guidelines, a two-level role enhancement applies if the defendant "was an organizer, leader, manager, or supervisor" of criminal activity. U.S.S.G. § 3B1.1(c). Although being a drug supplier does not automatically make a defendant a supervisor, "the assertion of control or influence over only one individual is enough to support a § 3B1.1(c) enhancement." United States v. Jiminez, 224 F.3d 1243, 1251 (11th Cir. 2000) (upholding the enhancement where a co-conspirator had to consult with the defendant before agreeing to sell drugs). The Sentencing Guidelines provide that a sentencing court may rely on "relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a). To prevail on a challenge to a sentence

3

based on the consideration of hearsay, a defendant must show, first, "that the challenged evidence is materially false or unreliable." United States v. Ghertler, 605 F.3d 1256, 1269 (11th Cir. 2010).

In this case, the district court did not clearly err in applying a two-level role enhancement. As Special Agent Whittle's testimony showed, Guerra was more than a mere supplier of methamphetamine. Guerra exerted control over co-conspirators by placing the narcotics that they distributed in their vehicles, instructing the co-conspirators about how to avoid detection, and establishing a process by which the co-conspirators could remit the proceeds of their methamphetamine sales to him.

Nor did the district court's reliance on Special Agent Whittle's hearsay testimony amount to plain error, the standard of review we apply since Guerra failed to raise this issue in the district court. See Rodriguez, 627 F.3d at 1377. The mere fact that portions of Whittle's testimony constituted hearsay does not automatically render those portions inadmissible, as hearsay is admissible at sentencing if it "has sufficient indicia of reliability." U.S.S.G. § 6A1.3(a). To prevail on appeal, Guerra would have to show that Whittle's testimony "is materially false or unreliable." Ghertler, 605 F.3d at 1269. Although Guerra generally asserts that Whittle's testimony was unreliable, he fails to cite any evidence to support this assertion. In fact, Whittle's testimony indicated that he was extensively involved in the

4

investigation of Guerra, and certain aspects of his own interactions with Guerra were consistent with information provided by others, many of whom accurately identified Guerra as having only one eye. Guerra cites no internal inconsistencies in Whittle's sentencing testimony and points to no inconsistencies between Whittle's sentencing testimony and the information included in the presentence investigation report. And as for Guerra's assertion that Whittle failed to differentiate the Guerra brothers during his sentencing testimony, Whittle made many distinctions between them, including who was the head of the organization, and who was a director, and different actions they each took. Because Whittle adequately distinguished between the two brothers at sentencing, Whittle's testimony had sufficient indicia of reliability, and Guerra has failed to show that the district court plainly erred in relying on his testimony.

We also disagree with Guerra's claim that the district court clearly erred by holding him responsible for at least 1.5 kilograms of methamphetamine. "We have stated that, although sentencing may be based on fair, accurate, and conservative estimates of the quantity of drugs attributable to a defendant, sentencing cannot be based on calculations of drug quantities that are merely speculative." United States v. Singleton, 545 F.3d 932, 934 (11th Cir. 2008) (quotation and alteration omitted). The Guidelines provide a base offense level of 34 for a defendant whose offense involved at least 1.5 kilograms, but less than 5 kilograms, of methamphetamine.

U.S.S.G. § 2D1.1(c)(3).

Here, Guerra does not challenge the manner in which the drug quantity was calculated, or the inclusion of various transactions in the drug-quantity calculation. To the extent that Guerra is arguing that Whittle's testimony regarding drug quantity was inadmissible hearsay, his claim is meritless. As discussed above, Whittle's testimony had sufficient indicia of reliability, and Guerra fails to explain why Whittle's testimony was materially false or unreliable, other than to point out that certain portions of his testimony constituted hearsay. Although Guerra notes that one of the distributors did not testify, he does not contend that this person would have contradicted any aspect of Whittle's testimony. Ghertler, 605 F.3d at 1269 (noting that the defendant bears the burden of showing "that the challenged evidence is materially false or unreliable"). Furthermore, even if all of the transactions involving this distributor were excluded from the drug quantity calculation, Guerra still would be responsible for 71.39 ounces, or approximately 2.02391 kilograms, of methamphetamine. Moreover, Whittle disclosed the identity of each unidentified cooperating individuals at the sentencing hearing and testified that, based on his personal involvement in the investigation, the drug quantity estimate appeared to be a very conservative estimate. Accordingly, Guerra has failed to show that the district court's determination that he was responsible for more than 1.5 kilograms of

methamphetamine was clearly erroneous.

Finally, we reject Guerra's claim that his sentence was substantively unreasonable. We consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)."[1] United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted), cert. denied, ___ S.Ct. ___ (2011). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted), cert. denied, 131 S. Ct. 1813 (2011). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." United States v. Tome, 611 F.3d 1371, 1378 (11th Cir.), cert. denied, 131 S.Ct. 674 (2010).

Guerra's sentence is substantively reasonable.[2] Guerra was a director of an organization that was described as the primary, if not the most significant, supplier of crystal methamphetamine in the Madison County, Florida area. According to the government, removing Guerra and his brother from the community had a significant impact on the drug community in Madison County. At sentencing, Guerra denied much of his involvement in the offense, stating that he was only responsible for the transactions with Whittle, and that everything else was "just being put on [him]." In light of the large amount of narcotics that the co-conspirators transported to north Florida, Guerra's involvement as a manager or supervisor of the conspiracy, and Guerra's denial of much of his involvement, the district court did not abuse its

---

[2] Guerra does not argue that his sentence is procedurally unreasonable. To the extent he argues that the district court failed to adequately consider certain § 3553(a) factors, his argument is meritless, because the record shows that the district court offered Guerra an opportunity to present mitigation arguments and explicitly said that it had considered the § 3553(a) factors and tailored the sentence to take into account the particular facts and circumstances of Guerra's case. Talley, 431 F.3d at 786 (holding that a district court's acknowledgment that it has considered the defendant's arguments and the § 3553(a) factors is sufficient).

discretion in determining that a sentence at the low end of the applicable guideline range was necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter future criminal conduct, and protect the public. See 18 U.S.C. § 3553(a)(2)(A)-(C).

It also should be noted that, although Guerra contends that the district court gave undue weight to his two prior convictions, Guerra actually had ten prior convictions, including one conviction for possessing cocaine with intent to sell. As for Guerra's claim that his "recidivist offender designation" over-represented his actual criminal history, it is not clear to what designation Guerra is referring, as he was not sentenced as a career offender. Guerra did receive an additional two criminal history points because his instant offenses were committed less than two years after he was released from custody -- which was proper under § 4A1.1(e) of the 2008 Sentencing Guidelines. U.S.S.G. § 4A1.1(e) (2008) (instructing courts to add two criminal history points if the defendant committed the instant offense less than two years after being released from custody). And, Guerra's argument that the district court sentenced him based on a determination that a criminal history category of IV did not adequately account for his past crimes is not supported by the record, since the district court calculated Guerra's guideline range based on a criminal history category of IV and sentenced him at the low end of the applicable guideline range.

**AFFIRMED.**