[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13373
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 10, 2012
JOHN LEY
CLERK

D.C. Docket No. 4:11-cr-00004-RH-WCS-1

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

versus

DERRICK ANTHONY GRACIA,

Defendant – Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 10, 2012)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Derrick Gracia pleaded guilty to possession of cocaine with intent to

distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and was sentenced

to 51 months' imprisonment. Gracia appeals, contending that his sentence is unreasonable because the district court erred in determining the amount of cocaine attributable to him for sentencing purposes and, in so doing, also employed an erroneous burden of proof. Finding no error on either point, we affirm.

We review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). This review is two-fold, looking both at the procedure that resulted in the sentence and the substance of the sentence itself. *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010). We review for clear error the district court's findings regarding the quantity of drugs attributable to a defendant for purposes of establishing the base offense level at sentencing. *United States v. Singleton*, 545 F.3d 932, 934 & n.2 (11th Cir. 2008). When an appellant does not clearly raise an objection before the district court, our review is limited to asking whether there was plain error that affected both the appellant's substantial rights and the fairness, integrity, or public reputation of judicial proceedings. *United States v. Massey*, 442 F.3d 814, 818 (11th Cir. 2006).

Gracia contends his sentence is procedurally unreasonable because the district court erroneously found that he had sold one kilogram of cocaine in the six months prior to his arrest and included that amount as relevant conduct in the calculation of his sentence. At Gracia's sentencing hearing, Special Agent David

Wilson, who was involved in investigating Gracia's activities, testified that an informant told him that Gracia had sold the informant between one and one and a half kilograms of cocaine over the course of the six months before Gracia was arrested. This was in addition to the 223 grams seized from Gracia on the day of his arrest. Although Gracia's counsel argued that the drugs from the prior sales should not be considered in calculating Gracia's sentence, Gracia presented no evidence to counter Special Agent Wilson's testimony.

Gracia argues that the district court's finding was erroneous because Special Agent Wilson's testimony was not credible. Although Special Agent Wilson testified that Gracia had been forthright in cooperating with the government, Gracia claims that he "apparently ignored Mr. Gracia's statements that Mr. Gracia did not distribute" the kilogram of cocaine prior to Gracia's arrest. Yet at his sentencing hearing Gracia submitted no evidence that he ever made such a statement denying the drug amount to Special Agent Wilson and, in fact, never even argued that he had done so. Because Special Agent Wilson's testimony was not internally inconsistent, his testimony regarding the cocaine Gracia distributed prior to arrest was not, as Gracia suggests, patently incredible. Thus, the district court was entitled consider Special Agent Wilson's testimony in conjunction with the cocaine in Gracia's possession on the day of his arrest in arriving at a "fair,

3

accurate, and conservative estimate[] of the quantity of drugs attributable to" Gracia. *United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005). The district court's finding was not clearly erroneous.

Gracia also contends that the district court applied an incorrect burden of proof. Twice at Gracia's sentencing, the district court stated that it was required to find the quantity of drugs attributable to Gracia by the "greater weight of the evidence." Facts, such as drug quantity, that enhance a sentence must be proved by a preponderance. *United States v. Singletary*, 649 F.3d 1212, 1216-17 (11th Cir. 2011). Gracia cites no authority for his assertion that there is a difference between the "greater weight" and "by a preponderance" evidentiary standards because no such authority exists. Indeed, in other contexts we have treated the two as equivalent. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208-09 (11th Cir. 2007); *United States v. Ricks*, 639 F.2d 1305, 1309 (5th Cir. Unit B 1981).[1]

In any event, because Gracia never objected to the district court's repeated assertion of the standard it employed to determine the drug quantity, his challenge may succeed only if he can show the error was plain. He has not done so. *See United States v. LeCroy,* 441 F.3d 914, 930-31 (11th Cir. 2006) (explaining that,

---

[1] All decisions by a former Unit B panel of the Fifth Circuit are binding in this Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.1982).

4

in the absence of any relevant law, an asserted error cannot be plain).

**AFFIRMED**.