[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14706
Non-Argument Calendar
_____

D.C. Docket No. 7:10-cr-00015-HL-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CORNELIUS TYRONE WRIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 11, 2012)

Before TJOFLAT, KRAVITCH and EDMONDSON, Circuit Judges.

PER CURIAM:

Cornelius Tyrone Wright appeals his 64-month sentence, imposed after he pleaded guilty to one count of possession of a mixture containing cocaine with intent to distribute.  On appeal, Wright argues that the district court improperly calculated his base offense level and sentencing range under the Sentencing Guidelines.  The district court relied on laboratory measurements in deciding how much cocaine should be attributed to Wright.

We review the district court's determination of the drug quantity used to establish a base offense level for clear error.  *United States v. Singleton*, 545 F.3d 932, 934 & n.2 (11th Cir. 2008).  We may only reverse for clear error if the district court's account of the evidence is not plausible in the light of the record viewed in its entirety.  *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573-74, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985).

Absent special circumstances, the base offense level for possession of a controlled substance with intent to distribute is determined based on the amount of drugs possessed by the defendant.  U.S.S.G. § 2D1.1(a)(5).  The base offense level for possession of at least 2, but less than 3.5 kilograms of cocaine is 28.  U.S.S.G. § 2D1.1(c)(6).  The base offense level for possession of at least 500 grams, but less than 2 kilograms of cocaine is 26.  U.S.S.G. § 2D1.1(c)(7).

In finding that Wright possessed two kilograms of cocaine, the district court

2

relied on a laboratory report which reflected the weight of the drugs recovered from Wright.  The district court was not required to apply the statistical margin of error inherent in laboratory testing in Wright's favor.  The finding that Wright possessed two kilograms of cocaine was therefore plausible in the light of the record as a whole, and the court did not commit clear error.

AFFIRMED.