[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11200
Non-Argument Calendar

_____

D.C. Docket No. 5:11-cr-00006-WTH-TBS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GAITRIE LATCHMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 12, 2013)

Before CARNES, HULL, and JORDAN, Circuit Judges.

PER CURIAM:

Gaitrie Latchman pleaded guilty to one count of conspiracy to commit

immigration fraud, in violation of 18 U.S.C. §§ 1028(a), 1543, 1546(a), and 371,

and one count of falsely obtaining naturalization and United States citizenship, in violation of 18 U.S.C. § 1425(b) and 8 U.S.C. § 1451. She appeals her conviction only on the falsely obtaining United States citizenship count, contending that during her Rule 11 plea colloquy the magistrate judge failed to establish the factual basis for her guilty plea on that count. She argues that, even though she did not object to the magistrate judge's report and recommendation, the district court erred by accepting her plea. She also contends that the district court abused its discretion by denying her motion to withdraw her guilty plea, which was based on arguments about the insufficiency of the factual basis for the plea.

## I.

In evaluating a defendant's challenge to the factual basis for her guilty plea, we consider whether the district court "was presented with evidence from which it could reasonably find that the defendant was guilty." United States v. Frye, 402 F.3d 1123, 1128 (11th Cir. 2005). If a defendant pleads guilty before a magistrate judge and fails to object to his recommendation that the plea be accepted, however, she waives any challenge to the plea proceeding. Fed. R. Crim. P. 59(b)(2) ("Failure to object in accordance with this rule waives a party's right to review."); see also United States v. Garcia-Sandobal, No. 11–12196, — F.3d —, 2013 WL 28255, at *4 (11th Cir. Jan. 3, 2013) (holding that a defendant had "waived his right to appellate review" on an issue because he failed to file a timely objection to

the magistrate judge's report and recommendation).  The magistrate judge is required to notify the defendant of the right to object and the consequence of failing to do so, but a written notification is sufficient.  Nettles v. Wainwright, 677 F.2d 404, 408 (5th Cir. Unit B 1982).[1]

Latchman waived her challenge to the district court's acceptance of the factual basis for her guilty plea because she failed to file a timely objection to the magistrate judge's report and recommendation.  Latchman's plea colloquy was conducted on October 14, 2011.  Two days later, on October 16, the magistrate judge issued a report recommending that the district court accept Latchman's plea.  That report included a notice that failure to object to it within fourteen days would bar any challenge to it before the district court judge.  On November 1, 2011, the district court took the magistrate judge's recommendation and accepted Latchman's guilty plea, observing that there had been no objection to that recommendation.  Because she failed to object to the magistrate judge's recommendation, she waived her challenge, even for plain error, to the district court's acceptance of that recommendation.  See Fed. R. Crim. P. 59(b)(2); Garcia-Sandobal, — F.3d —, 2013 WL 28255, at *4.

---

[1] Decisions issued by a Unit B panel of the former Fifth Circuit are binding on this Court. See Stein v. Reynolds Sec., Inc., 667 F.2d 33, 34 (11th Cir. 1982).

II.

When a challenge to a district court's denial of a motion to withdraw a guilty plea is properly preserved, we normally review the denial only for abuse of discretion, see United States v. Izquierdo, 448 F.3d 1269, 1276 (11th Cir. 2006), and will not reverse the district court's judgment "unless the denial was arbitrary or unreasonable." Id. (quotation marks omitted). The challenge, which Latchman filed two days before her sentence hearing and 127 days after the magistrate judge issued his report and recommendation, was almost certainly untimely. We will assume for purposes of discussion, however, that it was timely made. Even assuming that, Latchman has failed to show that the district court abused its discretion in denying her motion.

The second superseding indictment charged that Latchman violated 18 U.S.C. § 1425(b) on April 24, 2006, when she applied for, procured, and obtained United States citizenship by falsely swearing that she had neither committed a crime for which she had not been arrested nor had provided false information to a United States official while applying for immigration benefits. To obtain a conviction on that charge, the government had to prove that Latchman knowingly procured her United States citizenship without being entitled to it. See 18 U.S.C. § 1425(b).

4

The plea agreement, which Latchman swore she had read and understood, and the government's recitation of the offense conduct during the plea colloquy, which she agreed was true, support the allegations in the second superseding indictment that she committed a crime by conspiring to supply false documentation to non-citizens beginning no later than February 2006. They also support the allegation in the indictment that she lied before a United States immigration officer on April 24, 2006 when she swore that she had committed no crime for which she had not been arrested. The crime she had committed but had not been arrested for at that time was the crime of conspiring to supply false documentation to non-citizens. During her plea colloquy, counsel for the government stated that Latchman had applied for United States citizenship and naturalization on April 24, 2006. Latchman testified that government counsel's statements were true.

In her motion to withdraw her guilty plea, however, Latchman asserted for the first time that the April 24, 2006 date was wrong and that she had actually submitted her naturalization application in August 2005, before the immigration fraud conspiracy began. She asserted that her plea was not knowing and voluntary because she was "operating under a mistake of fact as to the date of the application." The district court heard argument on that motion at Latchman's sentence hearing, before it addressed any sentencing issues.[2] The government

---

[2] Latchman suggests that the district court erred because it "did not ask for an evidentiary

argued that, exactly as the indictment had alleged, Latchman had sworn before a United States immigration officer on April 24, 2006 that the contents of her naturalization application were correct. The government also pointed out that Latchman had been provided with a copy of her application to review months before her plea colloquy.

Counsel for the government showed the court a copy of that application, establishing that although the application had been submitted earlier, during an interview with an immigration officer on April 24, 2006 Latchman affirmed under oath before the immigration officer that the information in the application was correct. She also swore under oath during the plea colloquy that the government's factual account of her crime was true, admitting that in her naturalization application she "swore, affirmed and certified under penalty of perjury that the contents [of the application] were true and correct, and that included her assertion when she answered 'no' to the question of whether she had ever committed a crime or offense for which she was not arrested which she knew to be false." The district court denied Latchman's motion to withdraw her guilty plea, emphasizing that she had testified under oath before the magistrate judge that the allegations of the false procurement of citizenship count in the indictment "were, in fact, true and that the

---

hearing" on her motion. The district court, however, gave the parties the opportunity to present their arguments on the motion at the beginning of Latchman's sentence hearing. Latchman did not proffer any evidence. The district court did not err by ruling on Latchman's motion without a sua sponte grant of an evidentiary hearing.

facts underlying that count of the Indictment as recited in her presence at the time of her plea were also true."

Despite Latchman's assertions to the contrary, there was no indication during the plea colloquy or after it that she failed to understand the nature of the charges against her or the terms of her plea agreement.[3]  The district court did not abuse its discretion by denying Latchman's motion to withdraw her guilty plea.

**AFFIRMED.**

---

[3] Latchman's other Rule 11 challenges, which we review only for plain error because she raises them for the first time on appeal, also fail.  See United States v. Dudley, 463 F.3d 1221, 1227–28 (11th Cir. 2006).  The record contradicts her assertions that she was not properly advised regarding her right to appellate counsel, the district court's obligation to consider the 18 U.S.C. § 3553(a) sentencing factors, or the consequences of forfeiture.  During her plea colloquy, the magistrate judge advised Latchman of her right to counsel "at every stage in [her] case" and told her that the district court was "within [its] discretion to deviate from [the sentencing] guidelines."  Those statements convey the substance of the pertinent Rule 11 provisions.  See United States v. Monroe, 353 F.3d 1346, 1351 (11th Cir. 2003) ("[I]n Rule 11 proceedings, matters of substance, not form, are controlling.")  Latchman's argument that she was not properly advised about forfeiture also fails because the penalty was detailed in her plea agreement, which she swore that she had read and understood.  There was no error, much less plain error.