[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 17-15714

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MEINRAD KOPP,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:17-cr-00159-PGB-DCI-1

_____

Before JORDAN, TJOFLAT, Circuit Judges, and BEAVERSTOCK,* Chief District Judge.

PER CURIAM:

Meinrad Kopp was sentenced to life imprisonment for attempting to coerce or entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). In his appeal, Kopp challenges the legal sufficiency of his guilty plea because the magistrate judge did not inquire about his competency in light of a serious suicide attempt several weeks before his plea hearing. Kopp also attacks the district court's denial of his motion to continue sentencing and the procedural and substantive reasonableness of this sentence. Although Kopp waived his objections to the magistrate judge's report and recommendation regarding his guilty plea, we find the interests of justice require plain error review to determine whether a suicide attempt affected Kopp's mental competency at his guilty plea. We do not find plain error, but we do hold that the district court erred in failing to grant Kopp's unopposed motion to continue his sentencing hearing. Accordingly, we need not consider Kopp's remaining claims because we vacate his sentence and remand for resentencing.

---

* The Honorable Jeffrey U. Beaverstock, United States District Judge for the Southern District of Alabama, sitting by designation.

## I.

In July 2017, a federal grand jury in the Middle District of Florida indicted Kopp on three counts: (1) using a facility of interstate commerce to attempt to entice a minor to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2422(b); (2) traveling in interstate commerce to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b); and (3) using a facility of interstate commerce to transport child pornography, in violation of 18 U.S.C. § 2252A.

On September 22, 2017, Kopp pleaded guilty to Count 1 before a magistrate judge. (Doc. 37). The guilty plea specified that the United States would recommend a variance sentence of 20 years in custody. (Docs. 34, 72). During that hearing, the magistrate judge conducted a detailed colloquy and determined Kopp was competent, that his plea was a knowing and voluntary plea, and that it was supported by an independent basis in fact, containing each of the essential elements of the offense. (Doc. 72). On that same day, the magistrate judge entered a report and recommendation concerning Kopp's guilty plea. (Doc. 40). The report advised all parties:

> A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

(Doc. 40).[1]  Also on that same day, Kopp filed a notice of no objection to the report and recommendation, stating expressly that he had "no objection to the report and recommendation."  (Doc. 41). The district court accepted Kopp's plea on September 26 and set the sentencing hearing for December 13, 2017.  (Docs. 45, 46). Kopp did not raise an objection to his guilty plea until filing this appeal.

On November 29, 2017, Kopp retained new counsel and filed a motion seeking continuance of his sentencing hearing and an enlargement of the time for filing a sentencing memorandum. (Doc. 55).  The United States did not oppose this motion.  (*Id.*). That same day the district court denied the motion.  (Doc. 57).  On December 6, 2017, Kopp filed a sentencing memorandum which included, among other exhibits, a comprehensive psychiatric and psychosexual evaluation of Kopp performed by Dr. Jeffrey A. Danziger, M.D.  (Doc. 62-2).

---

[1] The Court notes that although the report and recommendation included language putting the parties on notice they had to object within 14 days or waive any challenges on appeal, this language was in smaller font at the bottom of the page. *Cf. Harrigan v. Metro Dade Police Dept. Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020) (holding that Rule 3-1's waiver principle does not come into play if the magistrate judge does not explain the consequences of failing to object).  While this Court does not find the smaller font warning to be insufficient in this case, we encourage magistrate judges to ensure their report and recommendation orders explain the consequences of failing to object to the findings or recommendations in a prominent manner.

At the sentencing hearing the district court calculated the applicable guidelines, took testimony from Dr. Danziger, heard argument from counsel, and afforded Kopp the opportunity to address the court.  The United States recommended a sentence of 20 years, which would represent an upward variance sentence.  The district court ultimately entered an upward variance sentence of life imprisonment.  Kopp now appeals.

## II.

Kopp contends his guilty plea was defective and should be set aside because the magistrate judge did not specifically inquire about his suicide attempt and mental competence to enter a guilty plea.  This objection was raised by Kopp for the first time in this appeal.

Under Federal Rule of Criminal Procedure 59(b)(2), a defendant who fails to object to a magistrate judge's report and recommendation within 14 days of the issuance of the report waives his right to appellate review, even for plain error.  *See also United States v. Garcia-Sandobal*, 703 F.3d 1278, 1283 (11th Cir. 2013) (holding that the defendant waived his argument that the district court should not have accepted his guilty plea by failing to file objections to the magistrate judge's report and recommendation that the district court accept his plea); *United States v. Decker*, 832 F. App'x 639 (11th Cir. 2020) (recognizing waiver of appellate review absent "interests of justice" exception to Rule 3-1); *United States v. Latchman*, 512 F. App'x 908, 909 (11th Cir. 2013) (per curiam) (relying on Rule 59(b)(2) and *Garcia-Sandobal* to hold that the

waiver applies to a defendant's challenge to the factual basis of her guilty plea under Rule 11(b)(3)).

Eleventh Circuit Rule 3-1 mirrors the admonition of Rule 59(b)(2), stating:

> A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice.

11th Cir. R. 3-1.    We find Kopp's allegation that his recent near-successful suicide attempt was not addressed during his guilty plea hearing invokes the "interests of justice" and compels plain error review.[2]

Under plain error review, Kopp must show that "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial

---

[2] Because this Court is reviewing the impact of Kopp's suicide attempt on his guilty plea under the "interests of justice," his claim that the plea is reviewable because neither he nor his counsel signed the notice of no objection form, raised for the first time in his reply brief (Doc. 41), is moot.

proceedings." *United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003). The record reveals the magistrate judge specifically inquired of Kopp whether he was "currently in need of or receiving and medical or mental healthcare." (Doc. 72 at 5). The magistrate judge also asked whether Kopp was "currently suffering from any mental, emotional disease or illness," and whether he understood where he was, what he was doing, and "the importance of these proceedings." (*Id.* at 6). Kopp answered "no" to the first question and "yes" to the second. (*Id.*). The magistrate judge's colloquy also individually asked counsel for Kopp and counsel for the United States whether they had any question concerning the competency of Kopp. (*Id.* at 6-7). Both attorneys answered in the negative. (*Id.*).

On July 13, 2017, some two months prior to his guilty plea, Kopp attempted suicide by hanging. (Doc. 62-2). Kopp was resuscitated, treated at a local hospital, and returned to jail four days later. (*Id.*). Counsel for Kopp commissioned Dr. Jeffrey A. Danziger to conduct a comprehensive psychiatric and psychosexual evaluation of Kopp. (*Id.*). Dr. Danziger met with Kopp on July 21, 2017 (just eight days after his suicide attempt) and again on September 2, 2017. (*Id.*). Dr. Danziger prepared a written opinion which was provided to the district court diagnosing Kopp with sexual sadism, pedophilic and major depressive disorders. (*Id.*). Dr. Danziger's report offers no opinion suggesting Kopp was not competent at the time of his guilty plea. (*Id.*). Rather, the 14-page, single spaced report relates Kopp's "flow of thought was logical and

sequential" and he "was fully orientated with a clear sensorium, recent and remote memory was intact, and intellect was likely in the significantly above average range[.]" (*Id.* at 5-6). Dr. Danziger testified at Kopp's sentencing hearing. The district court took Dr. Danziger's opinions into consideration when Kopp was sentenced.

Dr. Danziger's evaluation makes it clear Kopp's suicide attempt did not affect his competence. Based upon the record before this Court Kopp cannot carry his burden of demonstrating an error that is plain.

## III.

Kopp's next argument on appeal concerns the district court's denial of his motion to continue his sentencing hearing. We review the denial of a motion to continue sentencing for abuse of discretion. *United States v. Edouard*, 485 F.3d 1324, 1350 (11th Cir. 2007). "The defendant has the burden to demonstrate that the denial was an abuse of discretion and that it produced specific substantial prejudice." *Id.* (quotation marks omitted). We review the denial "in light of the circumstances presented, focusing upon the reasons for the continuance offered to the trial court when the request was denied." *Id.* We have considered such factors as: (1) the time remaining for preparation, (2) the likelihood of prejudice if the motion is denied, (3) the accused's role in shortening the effective preparation time, (4) the case's complexity, and (5) the available discovery. *Id.* "A district court abuses its discretion if it 'fails to apply the proper legal standard or to follow proper procedures in making the determination, or makes findings of fact that are clearly

erroneous.'" *United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006) (citation omitted).

Here, Kopp pleaded guilty on September 22, 2017 and his sentencing hearing was set for December 13, 2017. Kopp's plea agreement states that the United States would ask the court to vary upward from the ten-year mandatory minimum sentence to twenty years. (Doc. 34). On November 29, 2017, fifteen days before his sentencing hearing, Kopp retained German-speaking replacement counsel. (Doc 55). His new counsel immediately moved without opposition for a forty-five-day continuance of the sentencing hearing. (*Id.*). To support this motion, counsel identified his need for additional time to "review the discovery, expert reports, sentencing objections and sentencing memorandums." (*Id.*). Counsel also indicated he was considering using another expert witness and that he would like the opportunity to gather additional evidence from Switzerland and Germany to present to the court at sentencing. (*Id.*).

The district court denied Kopp's unopposed motion on the same day it was filed. (Doc. 57). The district court found Kopp's case was not complex and that his unopposed motion was too speculative to warrant a continuance, noting there was otherwise sufficient time for Kopp's replacement counsel to prepare for sentencing. (*Id.*). Additionally, the district court held Kopp failed to demonstrate "how he may be prejudiced by proceeding with sentencing as scheduled." (*Id.*).

We find the district court abused its discretion by denying Kopp's motion to continue based on its application of the *Edouard* factors. *See Edouard*, 485 F.3d at 1350. Kopp's motion stated counsel needed more time, raised the possibility he "may use another expert" and referenced "additional evidence" in Switzerland and Germany counsel believed "would aid the Court at sentencing," all of which indicate the time remaining to prepare for the sentencing hearing was insufficient. (Doc. 55). Unlike *Edouard*, Kopp's replacement counsel immediately requested a continuance, rather than spending time further acquainting himself with the case and seeking a continuance on the eve of the sentencing hearing. *See Edouard*, 485 F.3d at 1350 (noting replacement counsel was retained twenty days before sentencing hearing but did not file a motion to continue until six days before hearing). There is no evidence in the record suggesting Kopp played a role in shortening his counsel's effective preparation time; to the contrary, the fact that the United States did not oppose the requested continuance suggests that Kopp had not contributed to diminishing the time his new counsel had to prepare.

It was apparent from the information before the district court that Kopp's case is complex, involving a foreign national whose conduct began on foreign soil employing computers located overseas and implicating previous extraterritorial conduct. Also complicating the case was the fact that the United States was seeking a substantial upward variance at sentencing, exposing Kopp to substantial prejudice if his counsel was not fully prepared. (Docs.

34, 72).  Finally, it bears repeating that Kopp's motion was not opposed by the United States.  (Doc. 55).

Kopp must also demonstrate he suffered specific substantial prejudice.  Indeed, the United States suggests Kopp failed to explain how he was prejudiced by the denial of his motion to continue. We disagree.  Kopp faced a statutory mandatory minimum sentence of ten years in custody, although his advisory guideline range was 78 to 97 months.  (Doc. 77 at 8).  The United States' intention to request an upward variance to twenty years was incorporated into the plea agreement.  After denying Kopp's unopposed continuance, the district court varied upward from the United States' upward variance request sentencing Kopp to life imprisonment.  Under these facts Kopp has clearly demonstrated he suffered "specific substantial prejudice." *Edouard*, 485 F.3d at 1350.

Because the district court erred by denying Kopp's motion to continue his sentencing hearing, we do not reach Kopp's claims that his sentence was procedurally and substantively unreasonable. We vacate Kopp's sentence and remand the case to the district court for resentencing.

**VACATED AND REMANDED FOR RESENTENCING.**